IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROBERT JORDAN                                                                                                    PLAINTIFF

V.                                                                                                         NO. 4:10CV167-D-S

DR. GLORIA PERRY, et. al                                                                                    DEFENDANTS

## REPORT AND RECOMMENDATION

On August 25, 2011, the plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under 42 U.S.C. § 1983.

In his complaint, the plaintiff asserted a claim for denial of adequate medical treatment. Specifically, the plaintiff, who is 61 years old, has been provided orthopedic shoes since 1995. His last pair of orthopedic shoes was issued in 2007. Since that time and despite repeated requests, MDOC has refused to provide his with these shoes any longer citing budget restrictions, according to the plaintiff. Instead, MDOC has provided the plaintiff with the standard issue "Bob Barker" shoes–the same as every other inmate. The plaintiff claims that he has "a hard time getting around" without the specialty shoes. For relief, the plaintiff wants an order requiring MDOC to provide him with the orthopedic shoes.

## DENIAL OF ADEQUATE MEDICAL TREATMENT

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used

in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L. Ed. 2d 677 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the facts of this case as presented by the Plaintiff, he cannot maintain a claim for denial of medical treatment. The plaintiff cannot point to a serious medical need to which the defendants have been deliberately indifferent. Even the plaintiff admits there is no risk of serious harm but rather the orthopedic shoes make it easier for him to "get around." Although orthopedic shoes would likely make the plaintiff more comfortable, the Eighth Amendment does not require accommodating every whim of an inmate. Here, the plaintiff is obviously dissatisfied with the treatment or diagnosis he received–that orthopedic shoes were not necessary for his condition.

The allegations in this case simply do not support a claim for 1983 relief. A 1983 claim will not lie because the plaintiff disagrees with the course, method and timing of medical treatment. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (disagreement with the type or timing of medical services provided cannot support a 1983 claim); *see also Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.

1997). Therefore, the Plaintiff's claim of denial of medical attention related to the orthopedic shoes is plainly without merit and shall be summarily dismissed.

## CONCLUSION

It is the recommendation of the undersigned, therefore, that the plaintiff's complaint be dismissed for the plaintiff's failure to state a claim.

## OBJECTIONS

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 26TH day of August, 2011.

    /s/ David Sanders  
    UNITED STATES MAGISTRATE JUDGE